## Case No. 8,181.

### LEE v. AETNA INS. CO.

[3 West. Law Month. 404.]

Circuit Court, N. D. Ohio. July, 1861.

CORPORATIONS—CITIZENSHIP THEREOF—EFFECT OF FILING STATEMENT AND CONSENT TO SERVICE.

1. A corporation, created by or under the laws of a particular state, is a citizen of that state; and a foreign insurance company does not become, for the purpose of an action at law, a citizen of this state, by filing in the office of the auditor the statement, and a consent that service of process, mesne or final, upon an agent of the company, in this state, shall be as valid as if served upon the company according to the laws of this or any other state—as provided by the "act to regulate insurance companies, not incorporated by the state of Ohio."—1 Swan & C. St. 738.

2. The filing of the statement and consent, as authorized by the act above mentioned, renders service of a summons, or other appropriate process, upon such agent, an effectual commencement of an action against such corporation, whether the action be brought in a court of the state or of the United States.

3. An action thus commenced against an insurance company organized under the laws of Connecticut, in a court of common pleas in this state, by a citizen of this state, in which the matter in dispute exceeds five hundred dollars, may, properly, be removed by the defendant into the circuit court of the United States for the district embracing the county, and will not be remanded for want of jurisdiction.

[This was an action on a policy of insurance by David B. Lee against the Aetna Insurance Company. Heard on motion to remand cause to the state court.]

Mr. Spaulding, for plaintiff.
Mr. Conant, for defendant.

WILLSON, District Judge. The plaintiff has filed his motion to remand this cause to the court of common pleas of Portage county, from whence it was removed to this court, on the petition of the defendant, under the provisions of the 12th section of the act of 1789 [1 Stat. 79]. The plaintiff is a citizen of Ohio. The defendant is a corporation, created by the state of Connecticut; and, in legal contemplation, is a citizen of that state. The suit is an action at law upon a policy of insurance; and the matter in controversy exceeds the sum of five thousand dollars. The defendant claims the right to a trial in this court, by virtue of the second section of the third article of the constitution of the United States, and the 11th and 12th sections of the judiciary act of 1789. The section of the constitution referred to, declares, that the federal judicial power shall extend to all cases in law and equity arising between citizens of different states. The 12th section of the judiciary act of 1789, provides, "that if a suit be commenced in any state court against an alien, or by a citizen of a state in which the suit is brought, against a citizen of another state, and the matter in dispute exceeds the sum or value of five hundred dollars, exclusive of costs, and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial, into the next circuit court to be held in the district, where the suit is pending, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall be the duty of the state court to accept the surety, and proceed no further in the cause; and the said copies being entered in such court of the United States, the cause shall there proceed, in the same manner as if it had been brought there by original process." There can be no question that this court has cognizance of the subject matter of the suit, and also jurisdiction over the parties to it, if those parties are properly before us. The 11th section of the judiciary act provides, that no civil suit shall be brought before either of the circuit or district courts, against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ. The provision of this 11th section, relating to the service of process, is not a denial of jurisdiction, but the grant of a privilege to the defendant, not to be sued out of the state where he resides, unless he shall be served with process in the state where suit is brought. In order to give jurisdiction, it is not necessary that process be actually served upon the defendant, in the state where suit is brought. This exemption from the service of process upon the defendant, may be waived by the voluntary appearance or consent of the party privileged.

The early leading case of Logan v. Patrick, 5 Cranch [9 U. S.] 288, clearly and fully affirms this construction of the 11th section of the act. That was a suit in equity, brought in the United States circuit court

of Kentucky, against a citizen and resident of Virginia, who was not served with process in Kentucky. The supreme court sustained the jurisdiction, and proceeded with the cause, on the ground that the defendant had voluntarily appeared and answered to the suit. This construction of the statute has been adopted and uniformly followed by the federal courts ever since.—Harrison v. Rowan [Case No. 6,140]; Flanders v. Etna Ins. Co. [Id. 4,852]; [Gracie v. Palmer] 8 Wheat. [21 U. S.] 699; [Toland v. Sprague] 12 Pet. [37 U. S.] 300; [Irvine v. Lowry] 14 Pet. [39 U. S.] 293. The question now is, has the Aetna Insurance Company, by legal process or voluntary appearance, come properly into this court, as a party defendant to the suit? The action was originally brought in the court of common pleas of Portage county, by the issuing of a summons against the defendant, which writ the sheriff returned served by delivering a true and certified copy of the same, to Philo B. Conant, agent of said Aetna Insurance Company, at his office and usual place of business in said county. The suit was commenced in the state court, under the authority of the act of the Ohio legislature of April 8, 1856, entitled "An act to regulate insurance companies not incorporated by the state of Ohio" (53 St. 75). And the mesne process was issued and served by virtue of said act, and the written stipulation of said company filed in the office of the auditor of state, duly signed and sealed, consenting that service of process, mesne or final, upon any such agent, should be taken and held as valid as if served upon the company according to the laws of this or any other state.—The state law of April 8, 1856, makes the filing of this stipulation in the auditor's office a condition precedent to the transaction of any business in Ohio, by foreign insurance companies. It was, therefore, competent for the plaintiff to bring suit against the defendant in the state court, upon a policy of insurance for risks taken in Ohio, by virtue of the state law. And it would have been equally competent for the plaintiff to bring a like suit in this court, and serve process upon the company's agent; and this could be done by virtue of the consent of the company, contained in the stipulation filed in the office of the auditor of state.—By that stipulation the Aetna Insurance Company waived its privilege of being sued and served with process in Connecticut; and it made the service of process upon its agent in Ohio, as valid as if served upon the company itself according to the laws of Connecticut; and that stipulation is as effectual to give this court jurisdiction over the foreign corporation, as would be the voluntary appearance of the defendant and answering to the suit. But it is said, the state law can only be operative in the state courts; and that foreign insurance companies, by accepting its terms and transacting business under it, become, in legal effect, domestic corporations, and therefore not subject to the jurisdiction of this court, in controversies with citizens of Ohio. We are unable to see the force of this objection. The Aetna Insurance Company is a corporation created by the state of Connecticut. It has no powers except those conferred by its charter. Those powers can neither be enlarged nor abridged by the legislature of another state. The company is, to all intents and purposes, in law, a foreign corporation, restricted, nevertheless, in its business operations, in Ohio, by certain regulations, prescribed by state authority, which regulations in no way affect its legal existence or its corporate powers and franchises. Its appointment of agents, here, and the business transactions of those agents, can, by no possibility, make the company a corporation of this state. Nor is it in the power of one state, by legislation or otherwise, to change the citizenship of a person who is a citizen of another state, in order to give exclusive jurisdiction to its own courts.

In Hyde v. Stone, 20 How. [61 U. S.] 170, the supreme court expressly held, that the jurisdiction of the courts of the United States over controversies between citizens of different states, can not be impaired by the laws of the states, which prescribe the modes of redress in their own courts, or which regulate the distribution of the judicial power. In many cases, state laws furnish a rule of decision for the courts of the United States, and the forms of proceeding in these courts have been assimilated to those of the states, either by legislative enactment or by their own rules. But the federal courts are bound to proceed to judgment, and to afford redress to suitors before them, in every case to which their jurisdiction extends. They can not abdicate their authority or duty, in any case, in favor of another jurisdiction. Suydam v. Broadnax, 14 Pet. [39 U. S.] 67; Union Bank v. Jolly's Adm'r, 18 How. [59 U. S.] 503.

The proceedings for removing this cause from the state court, being in all respects regular and in conformity to law, the motion to remand is overruled.